THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RXCENTRIX, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VIEOSOFT, INC.; ENVOY, LLC; EMDEON, INC.; and EMDEON BUSINESS SERVICES, LLC, <br><br> Defendants. | CASE NO. C15-1068-JCC <br><br> ORDER REMANDING CASE AND GRANTING MOTION TO PARTIALLY FILE UNDER SEAL |

This matter comes before the Court on Plaintiff's Motion to Remand (Dkt. No. 22), Defendants' Response (Dkt. No. 24), Plaintiff's Reply (Dkt. No. 27), Defendants' Motion to Partially File Under Seal (Dkt. No. 25), and Plaintiff's Response (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

**I.    BACKGROUND**

Plaintiff, RxCentrix, LLC ("RxCentrix") filed suit against Defendants, Vieosoft, Inc. ("Vieosoft"), Envoy, LLC, Emdeon, Inc. and, Emdeon Business Services (collectively, "Emdeon") in King County Superior Court on June 2, 2015. (Dkt. No. 22 at1–2.) RxCentrix alleged Vieosoft and Emdeon breached their contractual agreements. (Dkt. No. 1–1 at 19–22.) On June 30, 2015, Vieosoft and Emdeon filed a Notice of Removal to this Court on the basis of

diversity jurisdiction. (Dkt. No. 1.) Vieosoft and Emdeon argue RxCentrix fraudulently joined Vieosoft, a Washington corporation, in an attempt to destroy diversity. (Dkt. No. 24 at 2.) RxCentrix is a Washington limited liability company. (Dkt. No. 22 at 1.) On July 22, 2015, RxCentrix filed this Motion to Remand on the basis that the Court lacks jurisdiction, as there is not complete diversity between RxCentrix and Vieosoft. Further, RxCentrix argues Emdeon fails to prove that RxCentrix does not state a claim under settled Washington law and thus, cannot show fraudulent joinder.

## II. DISCUSSION

### A. Legal Standards

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." 28 U.S.C. § 1441. A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removal are resolved in favor of remanding the case to state court. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of the evidence. *Id.* at 567.

"One exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder "is a term of art." *Mccabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Although there is a general presumption against fraudulent joinder, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *Mccabe*, 811 f.2d at 1339). "Fraudulent joinder must be proved by clear and convincing evidence." *Id.* Thus, because of the general presumption against fraudulent joinder, Defendants

carry a heavy burden of persuasion. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009).

### B.  Application of Standards

RxCentrix maintains Vieosoft was properly joined and the cause of action was properly pled; therefore, the case should be remanded. (Dkt. No. 22 at 7–11.) In response, Emdeon argues that RxCentrix fraudulently joined Vieosoft to defeat federal jurisdiction. (Dkt. No. 24 at 2.) Emdeon maintains that RxCentrix has failed to plead a cognizable cause of action against Vieosoft and that the addition of Vieosoft was legally and factually defective. (Id. at 3–13.)

Emdeon fails to prove that RxCentrix does not state a cognizable claim against Vieosoft; therefore, Vieosoft was not fraudulently joined. RxCentrix establishes the necessary elements of a breach of contract cause of action against Vieosoft under Washington law. The elements of a breach of contract claim under Washington law are: (1) the existence of a valid contract; (2) breach of that contract, and (3) damages resulting from the breach. *Karpenski v. American General Life Companies, LLC*, 999 F.Supp.2d 1235, 1250 (W.D. Wash. 2014); *See also Fid & Deposit Co. of Maryland v. Dally,* 148 Wash. App. 739, 745 (Wash. 2009). The Agreement Regarding RxCentrix Agreements was signed by both RxCentrix and Vieosoft. (Dkt. No. 1–3 at 4.) RxCentrix alleged Vieosoft breached the agreement by failing to make payments under Section 2 of the agreement. (Dkt. No. 1–1 at 17.) Additionally, RxCentrix alleged damages resulting from the loss of payment under the agreement. (*Id.*) Thus, RxCentrix sufficiently pled the elements of a breach of contract claim.

Emdeon does not present evidence that establishes it is indisputably clear that RxCentrix states no cause of action against Vieosoft. Further, it appears there are triable issues of fact regarding Vieosoft and Emdeon's obligations under the agreement and the interpretation of those obligations. Thus, Emdeon has not met their burden of demonstrating by clear and convincing evidence that there is not a triable issue of fact against Vieosoft for breach of contract.

### C.  Defendants' Motion to Partially File Under Seal

Also before the Court is Motion for Defendants to Partially File Under Seal Their Opposition to Plaintiff's Motion to Remand. (Dkt. No. 25). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A party seeking to keep documents attached to a non-dispositive motion under seal need only show "good cause" under Federal Rule of Civil Procedure 26(c). *Id.* at 1180. Having reviewed the substance of the redacted portion of Defendants' opposition to Plaintiff's Motion to Remand, the Court concludes that the information is proprietary. As Defendants argue, the paragraph at issue contains details about Defendants' business that would primarily be of interest for Defendants' competitors. (Dkt. No. 25 at 5). Accordingly, the Court finds that there is good cause to keep the currently filed opposition redacted. For the foregoing reasons, the Motion for Defendants to Partially File Under Seal Their Opposition (Dkt. No. 25) is GRANTED. The Opposition, therefore, filed as Exhibit 2 to the Motion shall remain under seal, and the Opposition shall remain redacted.

### III.  CONCLUSION

For the foregoing reasons, the instant matter is REMANDED to King County Superior Court. The Clerk is respectfully directed to CLOSE this case.

DATED this 28 day of August 2015.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE